UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>　　　　　Plaintiff<br><br>　　　v.<br><br>JOHN DOE, *subscriber assigned IP address 71.246.221.250*<br><br>　　　　　Defendant. | Civil Action No. 24-cv-3551 (BAH)<br><br>Judge Beryl A. Howell |

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE**

Upon consideration of plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference ("Motion"), ECF No. 5, and plaintiff's Supplemental Memorandum, ECF No. 6, good cause exists to grant the relief requested because discovery at this stage "is relevant and proportional to the needs of the case," namely plaintiff's necessity to serve a subpoena on the Internet Service Provider ("ISP") to ascertain the identity of defendant. *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1210 (D.C. Cir. 2020).  Plaintiff has also demonstrated a "good faith belief that such discovery will enable it to show that the court has personal jurisdiction over the defendant." *AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 995 (D.C. Cir. 2014) (quoting *Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1090 (D.C. Cir. 1998)); *Strike 3 Holdings, LLC v. Doe*, No. 18-cv-2211 (PLF/GMH), 2019 WL 1778054, at *1 (D.D.C. Apr. 23, 2019) (defining this to mean "that the putative defendant is either a District of Columbia resident or the alleged injury occurred within the District of Columbia").  Plaintiff used Maxmind geolocation technology to trace defendant's IP address to a physical location within this district.  Compl. ¶¶ 8-9, ECF No. 1.  This geolocation technique is

1

sufficient to establish a basis for defendant's presence in the District. *See AF Holdings, LLC*, 752 F.3d at 996; *Nu Image, Inc. v. Does 1-23, 322*, 799 F. Supp. 2d 34, 41 (D.D.C. 2011).

Accordingly, it is hereby—

**ORDERED** that plaintiff's Motion is **GRANTED**; it is further

**ORDERED** that plaintiff is allowed to conduct immediate discovery on defendant's ISP listed in Exhibit A to the Complaint with a subpoena under Federal Rule of Civil Procedure 45, which shall seek the following limited information sufficient to identify defendant: name, current and permanent address, telephone number, e-mail address, and Media Access Control (MAC) Address; it is further

**ORDERED** that plaintiff may also serve a Rule 45 subpoena upon any intermediary ISP that may be identified in response to a subpoena as providing internet services to defendant; it is further

**ORDERED** that defendant's ISP must be served with a subpoena within 14 days of this Order. A subpoena served on defendant's ISP after 14 days of this Order is not authorized; it is further

**ORDERED** that if the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> The term "cable operator" means any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system,

it shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed,

by sending a copy of this Order to defendant; it is further

**ORDERED** the ISP shall provide any affected subscribers with the Court-directed notice, which is attached as Appendix A to this Order; it is further

**ORDERED** that if the ISP or defendant wishes to modify or quash a subpoena, such party must do so before the return date of the subpoena, which shall be thirty (30) days from the date of service; it is further

**ORDERED** that the ISP shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash; it is further

**ORDERED** that, should plaintiff extend for any reason the return date of the subpoena issued to the ISP beyond the return date of 30 days, plaintiff shall provide the Court with a status report on April 28, 2025, which shall detail for each recipient ISP (1) the reason for the extension of the return date; (2) the date on which the subpoena was issued to the ISP; (3) the number of IP addresses for which identifying information has been requested from and produced by the ISP; (4) the agreement, if any, that plaintiff's counsel has in place regarding the timetable for production of identifying information; and (5) the specific date when plaintiff expects to complete receipt of the identifying information from the ISP; and it is further

**ORDERED** that plaintiff shall provide the subpoenaed ISP with a copy of this Order.

**SO ORDERED.**

Dated: January 14, 2025

_____  
BERYL A. HOWELL  
United States District Judge

## APPENDIX A

### READ AT ONCE

### COURT-DIRECTED NOTICE
### REGARDING ISSUSANCE OF SUBPOENA
### SEEKING DISCLOSURE OF YOUR IDENTITY

A legal document called a subpoena has been sent to your Internet Service Provider requiring the disclosure of the following information about you: name, current (and permanent) addresses, telephone number, and your email address and Media Access Control number.  The subpoena was issued pursuant to a Court Order in a lawsuit pending in the United States District Court for the District of Columbia.

Plaintiff in this lawsuit alleges that an individual has infringed its copyright by illegally downloading and/or distributing 63 of its movies.  Plaintiff does not know the actual name or address of this individual, but only the Internet Protocol address ("IP address") of the computer associated with the allegedly illegal activity.  Plaintiff has issued a subpoena to the Internet Service Provider Verizon Fios to determine the identity of the subscriber of the IP address.

If you are receiving this notice, that means plaintiff has asked your Internet Service Provider to disclose to plaintiff your name, current (and permanent) address, and your email address and Media Access Control number.  Enclosed is a copy of the subpoena seeking this information and the exhibit page containing the IP address that has been associated with your computer and showing the date and time that this IP address was allegedly used to download or upload the particular movie.

This is a civil lawsuit, not a criminal case.  You have not been charged with any crime.  If plaintiff receives your identification information from your Internet Service Provider, you may be added as a named defendant to its lawsuit.

INFORMATION ABOUT YOU HAS NOT YET BEEN DISCLOSED, BUT IT WILL BE DISCLOSED IN 14 DAYS IF YOU DO NOT CHALLENGE THE SUBPOENA.

Your identifying information has not yet been disclosed to plaintiff.

This notice is intended to inform you of some of your rights and options.  It does not provide legal advice.  If you would like legal advice you should consult an attorney.  Below you will find a list of resources that may help you locate an attorney and decide how to respond to the subpoena or lawsuit.

  You have 14 days from the date of this notice to file a motion to quash or vacate the subpoena.  You must also notify your ISP.

  If you file a motion to quash the subpoena, your identity will not be disclosed by your ISP until the court makes a decision on your motion.  If you do nothing, then after 14 days your ISP must send plaintiff your name, address, email address, telephone number, and your modem's Media Access Control number.

  You may wish to obtain an attorney to advise you on these issues or to help you take action.  To help you find a lawyer, the American Bar Association's "Find Legal Help" guide can be found online at https://www.americanbar.org/groups/legal_services/flh-home/.

  The Bar Association of the District of Columbia has a Lawyer Referral Service that can be reached at (202) 223-6600 or online at https://www.badc.org/lawyer-referral-service#/.

  To maintain a lawsuit against you in the District Court for the District of Columbia, the court must have personal jurisdiction over you.  You may be able to challenge the District Court for the District of Columbia's personal jurisdiction over you.  Please note that even if your challenge is successful, plaintiff may still file a lawsuit against you in the state in which a court has personal jurisdiction over you.

  If you are interested in discussing this matter with plaintiff's attorneys, you may contact them by telephone at _____, by fax at _____ or by email at _____.  Please understand that these lawyers represent the company that has requested your identifying information in connection with the lawsuit.  They can speak with you about settling the lawsuit, if you wish to consider that.  You should be aware that if you contact them, they may learn your identity, and that anything you say to them can later be used against you in court.

  You should not call the Court.

  Again, you may wish to retain an attorney to discuss these issues and your options.